IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEANDRE FULLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 15-00296-CG-C |
| | ) |
| RONALD JONES, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion for summary judgment filed by Defendant Harris Huffman (Doc. 61), the motion for summary judgment filed by Defendants Ronald Jones, Michael Hardy, Curtis Muhannad and William Riley (Doc. 58), and Plaintiff's motion for consent judgment (Doc. 67). After review of the pleadings and because Plaintiff has not only failed to oppose summary judgment, but has now asked that all proceedings be dismissed, the Court finds that all of the motions are due to be granted.

## BACKGROUND

Plaintiff, Deandre Fuller, brought this case alleging he was falsely imprisoned for more than two and a half years arising from arrests that occurred on June 4, 2013 and October 7, 2011. Plaintiff asserts the following claims against the Defendants relating to his arrests: (Count One) against Defendants Jones and Riley for false imprisonment, (Count Two) against Defendants Jones and Riley for a

probable clause affidavit that was contradictory and confusing, (Count Three) against Defendants Jones, Hardy and Muhannad for soliciting Monica Fuller and John Johnson to lie against Plaintiff, (Count Four) against Defendant Jones for presenting the false testimony of Betty White before the Grand Jury, (Count Five) against Defendant Davis for fraud, (Count Six) against Defendant Glenton Davis for Deliberate Indifference to Plaintiff's medical treatment, (Count Seven) against Defendant Glenton Davis for deliberate infliction of pain, (Count Eight) against Huffman for deliberate indifference to Plaintiff's medical treatment, (Count Nine) against Huffman for intentional infliction of pain, and (Count Ten) against Defendant Richard Craig for deliberate indifference to Plaintiff's medical needs. (Doc. 33).

Defendants Glenton Davis was dismissed by prior order of the Court (Doc. 47). Defendant Richard Craig was voluntarily dismissed. (Doc. 32). Additionally, Count Three for solicitation to lie was voluntarily dismissed. (Docs. 53, 54). The Court also merged Counts Eight and Nine against Huffman for deliberate indifference and intentional infliction of pain. (Doc. 32). Thus, the remaining claims are Counts One, Two, Four and Eight against Defendants Jones, Riley, and Huffman. There are no remaining claims against Defendants Hardy and Muhannad.

Defendants Hardy, Jones, Muhannad and Riley moved for summary judgment on December 16, 2016 (Doc. 58) and Defendant Huffman filed a separate motion for summary judgment on that same date (Doc. 61). Any party opposing the

motions for summary judgment was ordered to file responses in opposition on or before January 13, 2017. (Doc. 63).  When no opposition was filed by that date, the Court *sua sponte* granted Plaintiff an extension until January 24, 2017 to file his responses in opposition. (Doc. 66).  Plaintiff was warned that "[f]ailure to respond will be deemed as Plaintiff's concession to the issues raised in the motions, and the motions for summary judgment will be granted." (Doc. 66).  Plaintiff did not file any opposition by the extended deadline, but subsequently filed a motion for consent judgment. (Doc. 67).  The motion for consent judgment requests that "the Court allow a Consent Judgment to be entered for the Defendant in the case styled above, and dismiss any and all proceedings in this matter."

## DISCUSSION

Plaintiff has failed to oppose the Defendants' motions for summary judgment. "In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., *Jones v. Resolution Trust Corp.*, 516 U.S. 817 (1995)(citing *Ryan v. Int'l Union of Operating Eng'rs., Local 675,* 794 F.2d 641, 643 (11th Cir. 1986)).  Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint [or answer] but not relied upon in summary judgment are deemed abandoned." *Id.* at 599 (citations omitted).

There being no opposition to Defendants' motions, and after review of the

pleadings, the Court finds the motions for summary judgment should be granted. The summary judgment motions encompass all of the remaining claims in this case against all remaining defendants. Furthermore, Plaintiff has requested that judgment be entered in favor of Defendant[1] and that all proceedings in this matter be dismissed. Accordingly, the Defendants' motions for Summary Judgment (Docs 58 & 61) and Plaintiff's motion for Judgment and Dismissal (Doc. 67) are **GRANTED**.

**DONE** and **ORDERED** this 3rd day of February, 2017.

/s/ Callie V. S. Granade
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] Although Plaintiff's motion refers only to "the Defendant" (singular) and "a Motion for Summary Judgment," the Court presumes that Plaintiff's request is for judgment to be entered in favor of all remaining Defendants since Plaintiff also requests that "any and all proceedings in this matter" be dismissed.